## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| REGIONS BANK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 2:11-CV-1675-VEH** |
| | ) | |
| BHS DEVELOPMENT, LLC, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## MEMORANDUM OPINION

### I.      Introduction

This action for breach of a loan contract is premised upon the court's diversity jurisdiction.  The remaining defendants in the case are BHS Development, LLC, and Maurice W. Birt.  The clerk entered a default against these defendants on September 1, 2011. (Doc. 21).  Pending before the court now is Plaintiff's Motion For Entry Of Default Judgment Against Defendants BHS Development, LLC and Maurice W. Birt (Doc. 23) (the "Motion"), filed on January 25, 2012.

On January 26, 2012, the court entered a show cause order on the Motion. (Doc. 25).  The show cause deadline ran on February 10, 2012, and no party has objected to the Motion.  For the reasons explained below, the Motion is due to be granted.

## II.     Standard on Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  However, entry of default under Rule 55(a) does not entitle a party to his requested relief.  Either the clerk or the court must enter a default judgment under Rule 55(b).  Here, the court, and not the clerk, acts pursuant to Rule 55(b)(2).

Generally, the entry of a default judgment is committed to the discretion of the district judge.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[1]  The factual allegations of a well-pleaded complaint are taken as true; hence, the court must decide if these accepted facts state a cause of action for which relief can be granted.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered.") (footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (same).  When the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay.  *S.E.C. v.*

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  On the other hand, if a specific sum

is sought, a hearing may not be necessary.

As explained by Judge William H. Steele of the United States District Court

for the Southern District of Alabama regarding default judgments:

> <u>The law is clear, however, that Lacey's failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle plaintiffs to a default judgment</u>. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability."  *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim).  Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007)

(emphasis added).

## III.    Analysis

### A.    Facts Sufficient To Support Liability

By virtue of the default entered against the remaining defendants, the court

accepts all factual allegations of the complaint as admitted.  As a result, Plaintiff has established the *prima facie* elements (*i.e.*, a breach of a valid contract with resulting damages to the plaintiff) to support liability for breach of contract against Defendant BHS Development, LLC, as the borrower, under count one of the complaint and Defendant Maurice W. Birt, as the guarantor, under count three of the complaint.[2] *See, e.g., Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002) ("The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages.").

### B.    Proof Sufficient To Support Damages

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records*, 510 F. Supp. 2d at 593(citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir.2003) (finding that federal law requires judicial determination of damages absent factual basis in record); *Credit Lyonnais Securities*

---

[2]  Counts two and four of the complaint have been dismissed by the court without prejudice by a separate order, and no other counts are included in the complaint.

*(USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999) ("Even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty."); *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 869-70 (S.D. Ga.1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment).

The court may make its determination as to the appropriate remedy with or without a hearing.  *See, e.g.*, Fed. R. Civ. P. 55(b)(2)(B) ("The court <u>may conduct hearings</u> or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages[.]" (emphasis added).  Addressing this issue in another case, Judge Steele again provides this court with a helpful framework, writing:

> [T]here is no requirement that a hearing be conducted in all default judgment proceedings to fix the appropriate level of damages.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (explaining that evidentiary hearing is not per se requirement for entry of default judgment, and may be omitted if all essential evidence is already of record). Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. *See, e.g., Chudasama*, 123 F.3d at 1364 n.27 (judicial determination of damages is unnecessary where claim is for sum certain or for sum which can by computation be made certain); *United Artists Corp. v. Freeman*,

605 F.2d 854, 857 (5th Cir.1979) (award of statutory damages was improper "without a hearing or a demonstration by detailed affidavits establishing the necessary facts"); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (district court did not abuse discretion, based on record before it, in declining to hold hearing before awarding statutory damages); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (although court must make independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); *United States v. Cabrera-Diaz*, 106 F. Supp. 2d 234, 243 (D.P.R.2000) (similar).

*Atlantic Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024-1025 (S.D. Ala. 2007); *see also DLJ Mortg. Capital, Inc. v. Sunset Direct Lending, LLC*, No. 07-CV-1418-HB, 2008 WL 4489786, at *4 (S.D.N.Y. October 6, 2008) ("A court may determine the appropriate damages on the basis of affidavits and other documentary evidence, 'as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment.'") (quoting *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  In the current case, a hearing is not necessary, because Plaintiff has provided the court with sufficient affidavits and documentary evidence to support his requests for relief.

Here, Plaintiff also has adequately proven with sufficient certainty its contractual damages against both defendants in the collective amount of $1,181,228.77, consisting of an outstanding principal balance of $975,322.60, plus

accrued interest in the amount of $205,906.17.  (*See* Doc. 23 ¶¶ 7-8; *see also generally* Doc. 23-1).  Accordingly, judgment by default is due to be entered in favor of Plaintiff and against Defendants BHS Development, LLC and Maurice W. Birt, jointly and severally, in the combined amount of $1,181,228.77.  (Doc. 23 ¶ 8).

## IV.  Conclusion

Accordingly, the Motion is due to be granted.  The court will enter a separate order of final default judgment consistent with this opinion.

**DONE** and **ORDERED** this the 15th day of February, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

7